[No. 27445-7-I.    Division One.    March 29, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN EVAN
WALDEN, *Appellant*.

*Irene Tanabe* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

BAKER, J. — John Evan Walden appeals his convictions for one count of second degree rape and one count of attempted second degree rape, asserting that (1) prosecutorial misconduct denied him a fair trial, and (2) the trial court erroneously determined that the conduct comprising the charges in counts 1 and 2 did not constitute the same criminal conduct for purposes of calculating his offender score. Finding that any prosecutorial impropriety was harmless but that the trial court erroneously calculated the offender score, we affirm the conviction and remand for resentencing.

I

Thirteen-year-old D.K. was riding a bicycle when Walden approached him and asked to use his bicycle. When D.K. stepped off his bike, Walden took the bike behind a nearby store. D.K. followed, whereupon Walden dragged him up a hill and forced him to masturbate and then perform fellatio upon him. Walden then unsuccessfully attempted to perform anal intercourse.

Over a year later, D.K. identified Walden from a photo montage and lineup. At trial, the defense asserted a theory of mistaken identity based in part on inconsistencies in D.K.'s initial description of the assailant and Walden's actual size at the time the rape occurred in 1988. Walden's mother testified that her son was 5 feet 4 inches in 1988. On cross examination, the prosecutor questioned her as follows:

Q: So, when Taj Ansell said this guy was about five six, I think he said about five seven back in December 1988, he was sorely mistaken, then —
MR. JAQUETTE: Your Honor, I would object. I think it's argumentative.

THE COURT: Sustained.

Q: Was he mistaken then?

A: I don't know who you are talking about.

MR. JAQUETTE: Your Honor, I think it's argumentative.

MR. FAIR: Your Honor, it's not argumentative. I think I can ask this witness whether somebody would have been mistaken back on December 4th, 1988 when he identified this guy, this defendant as being about five seven, or five eight as to whether or not he was mistaken, because her recollection, obviously, differs from his. I'm not asking to make an opinion whether or not he was a liar, simply whether he was mistaken.

MR. JAQUETTE: Your Honor, I don't think there is any relevance to that.

MR. FAIR: No relevance?

THE COURT: Objection overruled.

MR. FAIR: Thank you.

Q: So he must have been mistaken then?

A: I don't understand who you are talking about.

Q: Somebody else who saw him there, about three months before the rape occurred said he was about five seven or five eight, was he mistaken then?

A: Yes, he was.

The jury found Walden guilty of one count of rape in the second degree and one count of attempted second degree rape. For purposes of sentencing, the court determined that the conduct comprising the rape and attempted rape charges did not constitute the same criminal conduct under RCW 9.94A.400(1)(a). The court sentenced Walden to a standard range sentence.

## II

Walden argues that the prosecutor's cross examination of the defense witness in a manner that required the witness to state whether another witness was mistaken constituted misconduct and denied him a fair trial. In order to establish prosecutorial misconduct, "the defendant must show misconduct and resulting prejudice." *State v. Smith*, 104 Wn.2d 497, 510, 707 P.2d 1306 (1985). "Washington cases have held generally that weighing the credibility of a witness is the province of the jury and have not allowed witnesses to express their opinions on whether or not another witness is telling the truth." *State v. Casteneda-Perez*, 61 Wn. App. 354, 360, 810 P.2d 74, *review denied*, 118 Wn.2d 1007 (1991).

Thus, cross examination designed to compel another witness to express an opinion as to whether other witnesses were lying constitutes misconduct. *State v. Padilla*, 69 Wn. App. 295, 846 P.2d 564 (1993); *Casteneda-Perez*, 61 Wn. App. at 363; *State v. Barrow*, 60 Wn. App. 869, 809 P.2d 209, *review denied*, 118 Wn.2d 1007 (1991).

The State argues that it is not improper for a prosecutor to cross-examine a witness as to whether another witness is merely mistaken, as opposed to lying, citing case law from other jurisdictions. *See State v. Atkins*, 163 W. Va. 502, 519, 261 S.E.2d 55, 65 (1979) (holding that it is not improper on cross examination to direct a witness to specific previous testimony of another witness and ask the witness whether he agrees or disagrees with that testimony), *cert. denied*, 445 U.S. 904 (1980); *People v. Morse*, 33 Ill. App. 3d 384, 391, 342 N.E.2d 307, 312-13 (1975) (cross examination asking if another witness was wrong or mistaken proper because it stopped short of forcing defendant to judge the truthfulness of the witness), *cert. denied*, 426 U.S. 953 (1976); *State v. Glidden*, 122 N.H. 41, 47, 441 A.2d 728 (1982) (holding it is proper to ask the defendant whether he agreed with the testimony of other witnesses because defendant was not forced to comment directly on the veracity of another witness).

However, the rationale underlying the holdings in *Padilla*, *Casteneda-Perez*, and *Barrow* is that such questioning is irrelevant and argumentative, *State v. Green*, 71 Wn.2d 372, 428 P.2d 540 (1967), and invades the province of the jury, *State v. Smith*, 67 Wn. App. 838, 841 P.2d 76 (1992); *Casteneda-Perez*, 61 Wn. App. at 362. *See also Barrow*, 60 Wn. App. at 875 ("arguments about a defendant's opinion of the government's witnesses' credibility are irrelevant and interfere with the jury's duty to make credibility determinations").

This rationale does not support the distinction the State urges this court to make. Asking a witness whether another witness is lying is certainly more prejudicial than asking whether another witness is merely mistaken. In both situa-

tions, however, the questioning is designed to elicit testimony in the form of one witness' opinion as to the credibility or veracity of another witness, a determination which lies solely within the province of the jury.

When a witness' testimony contradicts that of another witness, it is proper to point out the inconsistency and ask whether, in view of that, the witness wishes to modify or retract his or her statements. However, it is improper to invite a witness to comment on another witness' accuracy or credibility by asking whether the witness was mistaken or lying. Accordingly, the defense attorney's objections to the above-quoted cross examination should have been sustained.

■ Nevertheless, in reviewing the trial testimony in its entirety, we find there is not a substantial likelihood that the prosecutorial misconduct affected the jury's verdict. *See Barrow*, 60 Wn. App. at 876. Accordingly, the error was harmless.

### III

Walden next argues that the trial court erroneously calculated his offender score by counting the charges as separate criminal conduct.

RCW 9.94A.400(1)(a) provides in part:

[W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

The Legislature subsequently amended the statute, defining the phrase "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. *See* Laws of 1987, ch. 456, § 5, p. 1980." *State v. Lessley*, 118 Wn.2d 773, 777, 827 P.2d 996 (1992).

■ Thus, for two crimes to constitute the same criminal conduct under RCW 9.94A.400(1)(a), "both crimes must involve: (1) the same objective criminal intent, which can be

measured by determining whether one crime furthered another; (2) the same time and place; and (3) the same victim." *State v. Vike*, 66 Wn. App. 631, 633, 834 P.2d 48 (1992). Under the first prong, the focus is on the extent to which the defendant's criminal intent, viewed objectively, changed from one crime to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

■ A trial court's determination of what constitutes the same criminal conduct for purposes of calculating an offender score will not be reversed absent an abuse of discretion or misapplication of the law. *State v. Burns*, 114 Wn.2d 314, 317, 788 P.2d 531 (1990); *State v. Stearns*, 61 Wn. App. 224, 233, 810 P.2d 41, *review denied*, 117 Wn.2d 1012 (1991).

Walden argues that the conduct charged in counts 1 and 2 constituted the same criminal conduct because the acts occurred at the same place and nearly at the same time, the same victim was involved, and each count involved the same criminal objective. We agree. When viewed objectively, the criminal intent of the conduct comprising the two charges is the same: sexual intercourse. Accordingly, the two crimes of rape in the second degree and attempted rape in the second degree furthered a single criminal purpose. In addition, one victim was involved and the time and place of the crimes remained the same. Therefore, under RCW 9.94A.400(1)(a), the trial court abused its discretion in failing to count the offenses as one crime.

We affirm the convictions and reverse and remand for resentencing.

SCHOLFIELD and KENNEDY, JJ., concur.