[No. 66205-3. Department Two.]
Considered May 5, 1998.     Decided June 11, 1998.

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE WILLIAMS, *Petitioner.*

*Pattie Mhoon,* for petitioner.

*John W. Ladenburg, Prosecuting Attorney,* and *Donna Y. Masumoto, Deputy,* for respondent.

PER CURIAM — This is the second time this case has been before this court. In October 1997, we granted George Williams' petition for review and remanded for reconsideration in light of *State v. Porter,* 133 Wn.2d 177, 942 P.2d 974 (1997). On remand, the Court of Appeals entered a brief order adhering to its original decision affirming Williams' sentence. *Porter* is controlling. Accordingly, we reverse the

Court of Appeals and remand the case to the superior court for resentencing.

## FACTS

Williams sold rock cocaine to two police informants in a controlled buy arranged by the Pierce County narcotics squad. After one of the informants contacted Williams to arrange the sale, both informants met Williams at a residence where Williams sold 10 rocks to each. The informants then left the residence and returned to the police, who promptly arrested Williams.

Williams was subsequently convicted of two counts of unlawful delivery. He argued at sentencing that the counts encompassed the same criminal conduct. The State argued that the deliveries were separate because they occurred consecutively and involved two people. The sentencing court agreed with the State and sentenced Williams to 60 months.

### ISSUE

Did the sentencing court abuse its discretion by concluding that charges arising from the sale of cocaine to two informants did not constitute the same criminal conduct?[1]

### ANALYSIS

Multiple crimes encompass the same criminal conduct for sentencing purposes if they require the same criminal intent, are committed at the same place and time, and involve the same victim. RCW 9.94A.400(1)(a); *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994). The two crimes occurred at the same time and place, and the "victim" of both drug sales was the public at large, not the purchasers. *State v. Porter,* 133 Wn.2d at 181; *State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868, *review denied*,

---

[1]Williams also challenges a deadly weapon enhancement. His argument on that issue does not merit review under RAP 13.4(b).

118 Wn.2d 1006 (1991). The dispositive question, then, is whether the counts required the same criminal intent.

■ The relevant inquiry is "the extent to which the criminal intent, objectively viewed, changed from one crime to the next. . . . This, in turn, can be measured in part by whether one crime furthered the other." *State v. Vike*, 125 Wn.2d at 411 (citations omitted). Williams relies on our holding in *State v. Garza-Villarreal*[2] that charges based on the simultaneous delivery of two different drugs constituted the same criminal conduct. The Court of Appeals found that case to be distinguishable and relied instead on *State v. Burns*,[3] which involved one charge based on the defendant's sale of cocaine to an undercover officer and a second charge arising from the subsequent discovery of more cocaine in the defendant's van.

■ ■ The Court of Appeals reliance on *Burns* is misplaced and conflicts with *Porter*. The crimes in *Burns* had different statutory mental elements. The delivery count required an intent to deliver currently, whereas the possession count involved an intent to deliver in the future. By contrast the defendant in *Porter*, like Williams, was convicted of two counts of delivery, both of which required the same intent—to deliver currently. In *Porter* the defendant delivered methamphetamine and, immediately thereafter, marijuana, to the same undercover officer. The defendant's intent, objectively viewed, "was to sell both drugs *in the present* as part of an ongoing transaction." *State v. Porter*, 133 Wn.2d at 184-85. The sequential nature of the sales did not necessarily indicate different criminal intents, because the sales "occurred in a continuing, uninterrupted sequence of conduct as part of a recognizable scheme to sell drugs." *Id.* at 185-86.

Similarly, Williams made two deliveries in an uninterrupted sequence as part of a single scheme to sell drugs. The offenses are as much part of "the same criminal

---

[2]123 Wn.2d 42, 864 P.2d 1378 (1993).

[3]114 Wn.2d 314, 788 P.2d 531 (1990).

conduct" as the deliveries in *Porter*. The only difference between this case and *Porter* is that Williams sold the drugs to two different buyers. But as indicated above, the buyers are not the victims; the public is. *State v. Porter*, 133 Wn.2d at 181. If delivery of two different drugs encompasses the same criminal conduct, the same is equally true of simultaneous deliveries of the same drug to two buyers.

## CONCLUSION

Williams' crimes encompassed the same criminal conduct and should be counted as one in his offender score. The judgment is therefore reversed, and the case is remanded to the superior court for resentencing.