143 P.3d 335 (2006)
STATE of Washington, Respondent,
v.
Ricky Lee SOPER, Appellant.
No. 33238-8-II.
Court of Appeals of Washington, Division 2.
September 19, 2006.
*337 Suzanne Lee Elliott, Attorney at Law, Seattle, WA, for Appellant.
Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
BRIDGEWATER, J.
¶ 1 Ricky Lee Soper appeals his convictions of one count of manufacturing marijuana and one count of possession of marijuana with intent to manufacture or deliver. We hold that: (1) Soper failed to prove the foundation necessary to invoke the affirmative defense of the Medical Marijuana Act[1] when he failed to present evidence that he was a patient of a physician licensed under chapter 18.71 or 18.57 RCW; and (2) the trial court properly used ER 104(b) when it struck an out-of-state physician's testimony, which the trial court had admitted subject to the introduction of his Washington physician's license, as no longer relevant.
¶ 2 Having failed to prove that he was entitled to invoke the affirmative defense, Soper's other arguments fail as well: (1) Soper's argument concerning the definition of marijuana under the Act was meritless because he failed to bring himself within the ambit of the affirmative defense; (2) any instructional error regarding "ignorance of the law being no excuse" was harmless and was not an impermissible judicial comment on the evidence; and (3) the convictions were not the "same criminal conduct" because Soper's intent to grow marijuana differed from his intent to deliver the finished product to others. Thus, we affirm.

FACTS
¶ 3 On August 2, 2004, the West Sound Narcotics Enforcement Team observed an outdoor marijuana grow operation on Soper's property. After an investigation, the officers found the following: (1) 39 marijuana plants growing in a small shed; (2) 57 marijuana plants growing in several outdoor locations; (3) 5.7 ounces of "harvested" marijuana in a small shed; and (4) 102 packets of marijuana seeds in the residence. Report of Proceedings (RP) (Mar. 14, 2005) at 126.
¶ 4 Soper acknowledged that he was growing marijuana. He also acknowledged that he planned to distribute the 102 packets of marijuana seeds at "Hemp Fest." RP (Mar. 14, 2005) at 126. Yet he also discussed with the officers his belief that he was a "qualified patient" under the Act.[2] RP (Mar. 14, 2005) at 134.
¶ 5 Ultimately, the State charged Soper with one count of manufacturing marijuana and one count of possession of marijuana with intent to manufacture or deliver.[3] At trial, Soper sought to invoke the affirmative defense of the Act, under which a "qualif[ied] patient[ ]" and/or a "primary caregiver[]" "shall not be found guilty of a crime under state law for their possession and limited use of marijuana." RCW 69.51A.005.
¶ 6 As part of this defense, Soper sought to present testimony regarding the various characteristics of different parts of the marijuana plant. The State objected each time, arguing that the Act already defined marijuana for the purposes of the affirmative defense. According to the State, any other definition of marijuana would be confusing and improper. The trial court agreed with the State and concluded, "If you are attempting to use a different definition of what marijuana is, than is outlined in RCW 69.50.101(q), the objection will be sustained." RP (Mar. 14, 2005) at 150.
¶ 7 As part of this defense, Soper also sought to present the testimony of Dr. David L. Dodge, his physician. But the State objected to Dr. Dodge's testimony because Soper never showed that Dr. Dodge was a physician licensed under chapter 18.71 RCW, as required by the Act. Ultimately, the trial *338 court allowed Dr. Dodge to testify, contingent on proof of his Washington license. When the trial court did not receive proof of his Washington license, it granted the State's motion to strike Dr. Dodge's testimony in its entirety.
¶ 8 After striking Dr. Dodge's testimony, the trial court read the jury instructions to the jury. Over Soper's objection, the trial court included the following jury instruction: "It is not a defense to a criminal charge that the defendant believed his or her conduct was lawful. Ignorance of the law is no excuse for criminal conduct." Clerk's Papers (CP) at 103. Based on this and the other jury instructions, the jury found Soper guilty on both counts. The trial court then sentenced Soper to 60 days in jail. Soper timely appealed.

ANALYSIS

I. STATUTORY OVERVIEW
¶ 9 Codified at chapter 69.51A RCW, the Act ensures that "[q]ualifying patients with terminal or debilitating illnesses who, in the judgment of their physicians, would benefit from the medical use of marijuana, shall not be found guilty of a crime under state law for their possession and limited use of marijuana." RCW 69.51A.005.[4]
¶ 10 To meet the definition of a qualifying patient, the defendant must prove that he:
(a) Is a patient of a physician licensed under chapter 18.71 or 18.57 RCW;
(b) Has been diagnosed by that physician as having a terminal or debilitating medical condition;
(c) Is a resident of the state of Washington at the time of such diagnosis;
(d) Has been advised by that physician about the risks and benefits of the medical use of marijuana; and
(e) Has been advised by that physician that they may benefit from the medical use of marijuana.
RCW 69.51A.010(3).
¶ 11 A qualifying patient may then assert an affirmative defense to prosecution, provided he shall:
(a) Meet all criteria for status as a qualifying patient;
(b) Possess no more marijuana than is necessary for the patient's personal, medical use, not exceeding the amount necessary for a sixty-day supply; and
(c) Present his or her valid documentation to any law enforcement official who questions the patient regarding his or her medical use of marijuana.
RCW 69.51A.040(2).

II. ER 104  PRELIMINARY QUESTIONS AND STRIKING DR. DODGE'S TESTIMONY
¶ 12 Soper argues that the trial court deprived him of his constitutional right to present a defense when the trial court struck Dr. Dodge's testimony. We disagree and examine the issue under ER 104.
¶ 13 We review a trial court's admission of evidence and ruling on a motion to strike for an abuse of discretion. State v. Pirtle, 127 Wash.2d 628, 648, 904 P.2d 245 (1995), cert. denied, 518 U.S. 1026, 116 S.Ct. 2568, 135 L.Ed.2d 1084 (1996); King County Fire Prot. Dist. No. 16 v. Hous. Auth., 123 Wash.2d 819, 826, 872 P.2d 516 (1994). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State v. Perrett, 86 Wash.App. 312, 319, 936 P.2d 426, review denied, 133 Wash.2d 1019, 948 P.2d 387 (1997).
¶ 14 In order to meet the definition of a qualifying patient under the Act, Soper first must prove that he is a patient of a physician licensed under chapter 18.71 or 18.57 RCW.[5] RCW 69.51A.010(3)(a). Chapter *339 18.71 RCW details Washington's licensing procedures for physicians.[6] After analyzing these procedures in a previous case, we stated:
Given the language of chapter 18.71 RCW, there is only one reasonable interpretation of the term "licensed." Our licensing scheme differentiates between physicians who are licensed in the state and those who are licensed in another state but who are permitted to practice medicine in Washington. As used in chapter 18.71 RCW, then, the term "licensed" is not synonymous with "permitted" or "allowed." Rather, physicians "licensed" under chapter 18.71 RCW met the qualifications of our regulatory guidelines and received a license from the State of Washington.
Accordingly, we hold that only those physicians validly licensed in Washington may prescribe medical marijuana to persons in this state.
State v. Tracy, 128 Wash.App. 388, 397, 115 P.3d 381 (2005), review granted, 156 Wash.2d 1030, 133 P.3d 474 (2006).[7]
We refer to the evidence Soper ultimately sought to offer as the primary evidence. 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 104.6, at 99 (4th ed.1999). And we refer to the evidence Soper offered for the purpose of demonstrating the relevance of the primary evidence as the foundation evidence. 5 TEGLAND, § 104.6, at 99. Thus, Soper's primary evidence was that he was a qualifying patient under the Act. Soper's foundation evidence was that Dr. Dodge was a physician licensed under chapter 18.71 RCW.
¶ 16 In deciding whether to admit this evidence, the trial court used the procedure under ER 104. In pertinent part, ER 104(a) states: "Preliminary questions concerning the qualification of a person to be a witness. . . shall be determined by the court, subject to the provisions of section (b)." Here, the trial court was called on to determine whether Dr. Dodge was a physician licensed under chapter 18.71 RCW such that Soper could employ the affirmative defense of the Act.
¶ 17 "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." ER 104(b). In any case,
Rule 104(b) establishes no fixed rules about the order of proof. The proponent may, of course, "lay the foundation" first and then introduce the primary evidence. But for reasons of necessity, convenience, or tactics, a party may find it desirable to introduce evidence that is irrelevant before introducing the evidence that will make it relevant. If a party attempts to introduce evidence that is only conditionally relevant and an objection is made, the proponent will typically request the court's permission to "connect up" the evidence later with other evidence that demonstrates its relevance.
Rule 104(b) gives the court the discretion to either admit the primary evidence subject to connecting up, or to refuse to admit the primary evidence until its relevance is shown by the foundation evidence.
5 TEGLAND, § 104.6, at 99.
Upon introduction of the foundation evidence, whether it is introduced before or after the primary evidence, the judge's [role] is a limited one. The judge determines only whether the proponent has made a prima facie showing that the primary *340 evidence is relevant. The evidence should be admitted if the foundation evidence is "sufficient to support a finding of the fulfillment of the condition."
5 TEGLAND, § 104.7, at 100 (footnote omitted). "It is generally held that the foundation evidence should be deemed sufficient if, after viewing all of the evidence in the light most favorable to the proponent, a reasonable juror could find the condition to be more probably true than not." 5 TEGLAND, § 104.7, at 100-01.
¶ 18 During the trial, in an offer of proof, Soper sought to introduce foundation evidence that Dr. Dodge was a physician licensed under chapter 18.71 or 18.57 RCW. In response to a question about whether he possessed a medical license as required by chapter 18.71 or 18.57 RCW, Dr. Dodge stated, "I was a  that was a temporary license." RP (Mar. 15 2005) at 249. Dr. Dodge explained, "Well, I decided not to get a Washington license, because between this job, covering Oregon, I thought one state was enough. Basically that's it. And I didn't go through the full application for the Washington license, but I have a good standing license in Oregon; also California." RP (Mar. 15, 2005) at 249.
¶ 19 During cross-examination, Dr. Dodge admitted that he had only "a temporary license. I never finished the application. I was functioning, because I have an Oregon license and California license." RP (Mar. 15, 2005) at 251. Furthermore, Dr. Dodge did not know under which statute he was licensed.
¶ 20 In response, the trial court stated:
It's up to the defense to prove that he is licensed, and based upon what I can see of those documents and my reading of RCW 18.71 is that there's not a showing that he is licensed to practice medicine pursuant to RCW 18.71 . . . . And in the absence of that showing, he's not going to be allowed to testify about that particular aspect of this treatment of this patient.
RP (Mar. 15, 2005) at 254.
¶ 21 Nevertheless, Dr. Dodge's supervisor testified that Dr. Dodge had the ability to practice medicine in Washington and that Dr. Dodge possessed a temporary medical license from Washington. But Dr. Dodge's supervisor stated, "I don't have it here. But we have it in our files. And I can provide that, via fax, if you would like." RP (Mar. 15, 2005) at 259. The trial court allowed Dr. Dodge to testify to the primary evidence.
¶ 22 The following day, the trial court asked whether Dr. Dodge's supervisor had provided a copy of Dr. Dodge's temporary medical license from Washington. Upon learning that no one had provided a copy of this license to the trial court, the trial court stated:
My belief is that in order for the testimony of the doctor to be relevant, he must be qualified to testify, and there is not  the court has to make that determination. The jury doesn't make the determination, whether or not he is qualified to testify, and under the a  as I read the statute and my conclusion is that there is not testimony, sufficient testimony, even viewed most favorably to the defense, that Dr. Dodge is licensed to practice pursuant to RCW 18.71. Therefore his testimony is stricken and I will advise the jury.
RP (Mar. 16, 2005) at 313.
¶ 23 Here, the trial court did not abuse its discretion in striking Dr. Dodge's testimony. Even after viewing all the foundation evidence in the light most favorable to Soper, no reasonable juror could find more probably true than not that Dr. Dodge was a physician licensed in Washington under chapter 18.71 RCW. In other words, the foundation evidence was not "sufficient to support a finding of the fulfillment of the condition." ER 104(b). And therefore, Soper failed to make a prima facie showing that the primary evidence of him as a qualified patient under the Act was relevant. Because the primary evidence of Soper as a qualified patient under the Act was not relevant, it was not admissible. See ER 401 and ER 402.[8]
*341 ¶ 24 Because Soper could not avail himself of the Act's affirmative defense, his arguments concerning the definition of marijuana and the 60-day supply under the Act are meritless and we do not need to discuss them.

III. JURY INSTRUCTION 14
¶ 25 First, Soper argues that the trial court erred in instructing the jury that ignorance of the law is no excuse for criminal conduct. If error was committed, we hold that it was harmless.
¶ 26 We review the adequacy of jury instructions de novo, evaluating it in the context of the instructions as a whole. Pirtle, 127 Wash.2d at 656, 904 P.2d 245. Jury instructions are sufficient if they: are supported by substantial evidence; allow the parties to argue their theories of the case; and, when read as a whole, properly inform the jury of the applicable law. State v. Riley, 137 Wash.2d 904, 908 n. 1, 909, 976 P.2d 624 (1999). It is prejudicial error to submit an issue to the jury that is not warranted by the evidence. State v. Clausing, 147 Wash.2d 620, 56 P.3d 550 (2002); State v. Fernandez-Medina, 141 Wash.2d 448, 455, 6 P.3d 1150 (2000).
¶ 27 The applicable law is that ignorance of the law is no excuse. See State v. Warfield, 103 Wash.App. 152, 159, 5 P.3d 1280 (2000); State v. Reed, 84 Wash.App. 379, 384, 928 P.2d 469 (1997); State v. Patterson, 37 Wash.App. 275, 282, 679 P.2d 416, review denied, 103 Wash.2d 1005 (1984).
¶ 28 At trial, the State argued, "I think [this instruction as to ignorance of the law] applies to the affirmative defense . . . . You have to be  you can't be guessing about the elements of the affirmative defense." RP (Mar. 16, 2005) at 305-06.
¶ 29 Yet Soper objected. And on appeal, Soper argues that "the instruction was irrelevant and not supported by the facts presented at trial." Br. of Appellant at 16. He claims that he was not ignorant of the Act's requirements, but instead that "[he] made every attempt to comply with them." Br. of Appellant at 16. He suggests that the evidence indicates a mistake of fact, not a mistake of law.[9]
¶ 30 Assuming, without deciding, that jury instruction 14 is not supported by substantial evidence because Soper never asserted ignorance of the law, we assume error. Thus, this instructional error is presumed to be prejudicial unless it affirmatively appears to be harmless. Clausing, 147 Wash.2d at 628, 56 P.3d 550.
¶ 31 Regardless of the prejudicial presumption, we hold that the instructional error was harmless beyond a reasonable doubt. After all, jury instruction 14 stated, "It is not a defense to a criminal charge that the defendant believed his or her conduct was lawful. Ignorance of the law is no excuse for criminal conduct." CP at 103. Similarly, jury instruction 12 stated:
A person knows or acts knowingly or with knowledge when he or she is aware of a fact, circumstance or result which is described by law as being a crime, whether or not the person is aware that the fact, circumstance or result is a crime.

If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, the jury is permitted but not required to find that he or she acted with knowledge.
Acting knowingly or with knowledge also is established if a person acts intentionally.
CP at 101 (emphasis added).[10] In fact, the Washington Pattern Jury Instructions explain that "[t]he phrase `whether or not the person is aware that the fact, circumstance or result is a crime' was added to the end of *342 the first paragraph of this instruction to state the old rule that `ignorance of the law is no excuse.'" 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.02, cmt. at 151 (2d ed.1994). By including jury instruction 14, the trial court simply duplicated jury instruction 12, albeit with the "old rule." Although the trial court could have been more careful in its choice of language and number of instructions, its error was harmless beyond a reasonable doubt.
¶ 32 Second, Soper claims that jury instruction 14 was an impermissible judicial comment on the evidence in violation of the Washington Constitution. We do not agree.
¶ 33 Article IV, section 16 of the Washington Constitution states: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." This provision prohibits a judge from conveying to the jury his personal attitudes toward the merits of a case. State v. Lane, 125 Wash.2d 825, 838, 889 P.2d 929 (1995); State v. Foster, 91 Wash.2d 466, 481, 589 P.2d 789 (1979). Judicial comments are presumed to be prejudicial. Lane, 125 Wash.2d at 838, 889 P.2d 929.
¶ 34 Soper simply claims that jury instruction 14 "conveyed the trial judge's determination that Soper's defense was not credible and had no applicability." Br. of Appellant at 17. But Soper does not explain how this instruction had the potential effect of suggesting to the jury that his defense was not credible. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. State v. Johnson, 119 Wash.2d 167, 171, 829 P.2d 1082 (1992). Without more, we hold that jury instruction 14 was not an impermissible judicial comment on the evidence.

IV. SAME CRIMINAL CONDUCT
¶ 35 Finally, Soper argues that the trial court erred in finding that his conviction for manufacturing marijuana and his conviction for possession of marijuana with intent to manufacture or deliver were not the "same criminal conduct" for sentencing purposes.[11] Br. of Appellant at 18. We disagree.
¶ 36 Although we review the trial court's calculation of an offender score de novo, we review the trial court's determination of same criminal conduct for abuse of discretion. State v. Tili, 139 Wash.2d 107, 122-23, 985 P.2d 365 (1999) (citing State v. Walden, 69 Wash.App. 183, 188, 847 P.2d 956 (1993)); State v. Roche, 75 Wash.App. 500, 513, 878 P.2d 497 (1994).
¶ 37 Under RCW 9.94A.589(1)(a),[12] a trial court has the discretion to count two or more current offenses as the same criminal conduct for calculating a convicted defendant's offender score. This same criminal conduct requires that the offenses: (1) had the same objective criminal intent; (2) were committed at the same time and place; and (3) involved the same victim. RCW 9.94A.589(1)(a); Walden, 69 Wash.App. at 187-88, 847 P.2d 956. If any one of these elements is missing, multiple offenses cannot be considered to be the same criminal conduct; the court must count these crimes separately in calculating the offender score. State v. Garza-Villarreal, 123 Wash.2d 42, 47, 864 P.2d 1378 (1993).
¶ 38 Here, Soper does not dispute that his offenses involved the same victim, namely the public at large. See Garza-Villarreal, 123 Wash.2d at 47, 864 P.2d 1378. And Soper does not dispute that his offenses were committed at the same time and place, as the officers found all the marijuana at his property and on the same day.
*343 ¶ 39 Rather, Soper disputes whether his crimes involved the same objective criminal intent. He argues that the evidence shows his intent as to both crimes was the same: an intent "to grow marijuana for medicinal medical marijuana purposes." Br. of Appellant at 20.
¶ 40 But Soper did not have the same objective criminal intent. One objective was to grow the marijuana; the other objective was to deliver it to third persons. As our Supreme Court stated in a similar case:
The growing marijuana in the garage showed intent (in the past and present) to "manufacture" a controlled substance, whereas the marijuana found in the house in plastic baggies showed the defendant's intent to deliver the drugs in the future. Hence, the trial court did not abuse its discretion in refusing to treat the two crimes as the "same criminal conduct" for sentencing purposes.
State v. Maxfield, 125 Wash.2d 378, 403, 886 P.2d 123 (1994) (footnote omitted).
¶ 41 Here, as in Maxfield, the growing marijuana showed Soper's intent (in the past and present) to manufacture marijuana; the 102 packets of marijuana seeds, along with Soper's admission that he intended to distribute the seeds at "Hemp Fest," showed Soper's intent to deliver the drugs in the future. RP (Mar. 14, 2005). Therefore, the trial court did not abuse its discretion in determining same criminal conduct.
¶ 42 Affirmed.
We concur: HOUGHTON, P.J., and HUNT, J.
NOTES
[1] See chapter 69.51A RCW.
[2] Upon request from the officers, Soper even presented "paperwork" from his physician. RP (Mar. 14, 2005) at 134, 136.
[3] The State also charged Soper with one count of delivery of marijuana. But the jury never returned a verdict on this charge.
[4] The Act also ensures that "[p]ersons who act as primary caregivers to such patients shall also not be found guilty of a crime under state law for assisting with the medical use of marijuana." RCW 69.51A.005; RCW 69.51A.010(2); RCW 69.51A.040(4).
[5] "In order to affirmatively defend a criminal prosecution for possessing or manufacturing marijuana, a defendant must show by a preponderance of evidence that he has met the requirements of the Act." State v. Ginn, 128 Wash.App. 872, 878, 117 P.3d 1155 (2005), review denied, 157 Wash.2d 1010, 139 P.3d 349 (2006). Preponderance of the evidence means that, considering all the evidence, the proposition asserted must be more probably true than not true. State v. Shepherd, 110 Wash.App. 544, 550, 41 P.3d 1235, review denied, 147 Wash.2d 1017, 56 P.3d 992 (2002).
[6] Chapter 18.57 RCW addresses the practice of osteopathy. Because nothing indicates that Dr. Dodge practiced osteopathy and because this chapter contains provisions similar to chapter 18.71 RCW, we confine our analysis to chapter 18.71 RCW. See State v. Tracy, 128 Wash.App. 388, 396 n. 12, 115 P.3d 381 (2005), review granted, 156 Wash.2d 1030, 133 P.3d 474 (2006).
[7] In Tracy, we considered whether Dr. David Dodge, an Oregon doctor, and presumably the same Dr. Dodge in this case, was validly licensed in Washington. Tracy, 128 Wash.App. at 395-97, 115 P.3d 381. We ultimately concluded that "nothing indicates that Dr. Dodge holds a license to practice medicine in Washington." Tracy, 128 Wash.App. at 397 n. 14, 115 P.3d 381.
[8] Regardless, the trial court instructed the jury as to the affirmative defense. Because Soper failed to show that Dr. Dodge was a physician licensed under chapter 18.71 RCW, the better course for the trial court would have been to rule that Soper presented insufficient evidence to allow the jury to consider his affirmative defense.
[9] At trial, Soper's counsel denied that Soper was invoking an ignorance of the law defense. Soper's counsel also claimed that the jury instructions, without any instruction as to ignorance of the law, adequately instructed the jury.
[10] The trial court submitted instruction 12 to the jury in order to define knowledge, an element of the crime of manufacturing a controlled substance.
[11] Soper raises this argument for the first time on appeal. A challenge to an offender score calculation may be raised for the first time on appeal because the sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score. See State v. Ford, 137 Wash.2d 472, 477, 973 P.2d 452 (1999).

While our Supreme Court has not addressed whether the same criminal conduct issue may be raised for the first time on appeal, Division One and Division Three of this court have permitted review where the defendant did not ask the trial court to consider whether his crimes constituted the same criminal conduct. See State v. Nitsch, 100 Wash.App. 512, 521, 997 P.2d 1000, review denied, 141 Wash.2d 1030, 11 P.3d 827 (2000).
[12] Effective July 1, 2001, the legislature recodified RCW 9.94A.400 to RCW 9.94A.589. Laws of 2001, ch. 10, § 6.