IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | |
| | ) | No. 38599-0-III (Cons. with |
| Kristofer Lee Wittman. | ) | No. 38611-2-III and No. 38612-1-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

FEARING, J. — In this personal restraint petition, Kristofer Wittman seeks to modify his judgment and sentence in three distinct prosecutions. We grant relief in part and deny relief in part. We agree with Wittman that he is entitled to credit for time served in all three prosecutions. We reject Wittman's request to consider possession of a stolen motor vehicle to be the same criminal conduct, for purposes of his offender score, as possession of stolen credit cards.

FACTS

Kristofer Wittman's petition arises from three discrete criminal prosecutions against him. We draw underlying facts from police reports, which Wittman acknowledged as factually accurate when entering guilty pleas.

On September 15, 2020, Okanogan County Sheriff's Deputy Justin Malone received a complaint of a stolen Ford F-350 pickup truck. Deputy Malone located the stolen truck on the road and initiated a pursuit, which ended when the truck collided with a tree. Deputy Malone arrested Kristofer Wittman, the driver of the stolen truck, and

booked him in the Okanogan County Jail.  The following day, Deputy Malone executed a

search warrant on the truck and located two wallets containing debit, credit, and fuel

cards.  The cards belonged to the truck's owner, Travis Shockley, who reported the cards

had been used multiple times after being stolen.

On September 17, 2020, the state of Washington charged Kristofer Wittman, in

Okanogan County Superior Court Cause Number 20-1-00268-24, with multiple charges,

including possession of a stolen motor vehicle and reckless driving.  The State later

amended the information to add nine charges of possessing stolen property in the second

degree with respect to the debit, credit, and fuel cards, collectively referred to as "access

devices."  Clerk's Papers at 75.  Wittman remained in jail.

On December 26, 2020, corrections officers discovered a 21-inch by 15-inch hole

in the wall next to Kristofer Wittman's bed.  Wittman remained in the jail.  The officers

reasoned that Wittman created the hole in an effort to escape the jail.  On December 30,

2020, the State charged Kristofer Wittman, in Okanogan County Superior Court Cause

Number 20-1-00351-24, with attempted escape in the second degree and malicious

mischief in the second degree.

Kristofer Wittman did not cease his resolve to escape.  On January 5, 2021,

corrections deputies discovered Kristofer Wittman missing during a head count.  Officers

later discerned that Wittman had climbed into the shower ceiling and accessed the roof,

from which he escaped the jail.  The State charged Kristofer Wittman, in Okanogan

County Superior Court Cause Number 20-1-00010-24, with escape in the second degree. Wittman was arrested and returned to custody on January 14, 2021.

PROCEDURE

Kristofer Wittman pled guilty to all charges alleged in all three cause numbers except the charge of reckless driving in the first cause number, which charge the State dismissed. On April 7, 2021, the State and Wittman filed a plea agreement in which Wittman agreed that the sentencing court could consider, as factual, any information contained within the declarations of probable cause submitted in each cause number. The declarations included police reports.

At the sentencing hearing, Kristofer Wittman's attorney argued that the nine convictions for possession of stolen access devices constituted the same criminal conduct for purposes of Wittman's offender score. The trial court agreed.

Because the various charges arose in three cause numbers, the trial court signed and filed three judgments and sentences. On the first cause number, the trial court left blank the section providing credit for time served. At the hearing, the court directed that Kristofer Wittman receive "credit for any time served only as to his time spent on this [first] cause number." Response to Personal Restraint Petition, App. M, at 61. On the second and third cause numbers, the trial court ordered no credit for the time Wittman had previously served in the county jail. The court ordered that the sentences imposed across all cause numbers be served concurrently.

3

No. 38599-0-III, consolidated with 38611-2-III, 38612-1-III
*PRP of Wittman*

Kristofer Wittman filed this personal restraint petition, in which he contends the sentencing court committed error when failing to grant him credit for time served in the sentences for the second and third cause numbers and when failing to consider his conviction for possessing a stolen motor vehicle to be the same criminal conduct as the convictions for possessing stolen access devices. On filing his petition, Wittman moved for immediate release. Motion for Release, No. 38599-0-III (Wash. Ct. App. Nov. 21, 2022). Based on a finding that Wittman had "demonstrated he has arguably served all of the proper time in prison," this court ordered immediate release. Amended Order Granting Motion for Release, No. 38599-0-III (Wash. Ct. App. Dec. 16, 2022).

LAW AND ANALYSIS

Credit for Time Served

Kristofer Wittman argues that the trial court erred by granting credit for time served only to those charges captured in the first cause number.

RCW 9.94A.505(6) declares:

> The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced.

The language of the statute suggests that courts must determine whether an offender served a period of confinement *solely* in regard to any one offense and seemingly prohibits credit for presentence confinement served on more than one offense. The statute makes no sense when considering that one may be charged with more than one

4

offense for a course of conduct and be charged and sentenced on the same day for all crimes within that course of conduct, but the language of the statute only refers to singular crimes. The offender's confinement would relate to numerous crimes such that he receives no credit.

Constitutional protections of due process, equal protection, and freedom from multiple punishment require sentencing courts to provide credit for time served in broader circumstances than implied by RCW 9.94A.505(6). A defendant is entitled to credit for all time confined on charges before sentencing on those charges, regardless of the number of crimes for which the State held him. *State v. Enriquez-Martinez*, 198 Wn.2d 98, 103, 492 P.3d 162 (2021). This rule rises from the unfairness resulting from an indigent defendant being forced to serve a longer sentence due to an inability to post bail. *Reanier v. Smith*, 83 Wn.2d 342, 346-47, 517 P.2d 949 (1974). Nevertheless, our Supreme Court's most recent holding requires application of the principle even when a defendant is held on a no-bail warrant. *State v. Enriquez-Martinez*, 198 Wn.2d 98, 103 (2021).

A petitioner seeking collateral review on constitutional grounds must demonstrate actual and substantial prejudice resulting from a constitutional error. *In re Personal Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). The petitioner must show actual and substantial prejudice by a preponderance of the evidence. *In re Personal*

5

*Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013), *abrogated on other grounds by*

*State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018).

Under *Enriquez-Martinez*'s bright-line rule, Kristofer Wittman demonstrates

actual and substantial prejudice resulting from the trial court's denial of time served

credit on his second and third cause numbers.  A defendant must receive credit for the

time of confinement on charges before sentencing on those charges.  *State v. Enriquez-*

*Martinez*, 198 Wn.2d 98, 103 (2021).

We remand for resentencing with instruction that the sentencing court apply credit

for time served on all cause numbers.  Credit should begin on the date the State filed

charges under each cause number.  Credit should not include the days Kristofer Wittman

absconded from custody.

Same Criminal Conduct

Kristofer Wittman argues that the sentencing court erred by not finding that the

possession of a stolen motor vehicle charge constituted the same criminal conduct as the

nine charges for possession of stolen access devices.  Wittman's trial attorney

successfully argued that the nine counts for possession of stolen credit cards constituted

same criminal conduct, but never argued that possession of the stolen motor vehicle also

met that standard.

Kristofer Wittman's same criminal conduct argument implicates the Sentencing

Reform Act of 1981, chapter 9.94A RCW, rather than any constitutional protection.

6

When a petitioner asserts a nonconstitutional ground for relief from personal restraint, he must establish that he is being unlawfully restrained due to a fundamental defect which inherently results in a complete miscarriage of justice. *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 867, 50 P.3d 618 (2002).

When sentencing an offender for one or more felonies, the trial court must calculate the defendant's offender score, which score influences the standard sentence range. The sentencing court computes an offender's score based on the number of current and prior convictions. RCW 9.94A.525, .589(1)(a); *State v. Aldana Graciano*, 176 Wn.2d 531, 535-36, 295 P.3d 219 (2013). If the court finds that some of the current offenses encompass the same criminal conduct, the sentencing court shall count those current offenses as one crime. RCW 9.94A.589(1)(a); *State v. Aldana Graciano*, 176 Wn.2d at 536. The relevant portion of RCW 9.94A.589(1)(a) declares:

> That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

We construe RCW 9.94A.589(l)(a) narrowly to disallow most assertions of same criminal conduct. *State v. Aldana Graciano*, 176 Wn.2d at 540; *State v. Palmer*, 95 Wn. App. 187, 190-91, 975 P.2d 1038 (1999).

The focal sentence in RCW 9.94A.589(1)(a) directs the sentencing court to concentrate on the offender's criminal intent, the identity of the victim or victims, and the

location and timing of the crimes when adjudging whether the crimes entail the same

criminal conduct for purposes of sentencing. *State v. Aldana Graciano*, 176 Wn.2d at

536 (2013). In 1987, the legislature added this sentence to the statute to help define

"same criminal conduct." LAWS OF 1987, ch. 456, § 5, at 1980; *State v. Dunaway*, 109

Wn.2d 207, 216, 743 P.2d 1237, 749 P.2d 160 (1987).

All Washington decisions since 1988 about same criminal conduct center on one

or more of three elements: the same criminal intent, the same time and place, and the

same victim. Since time and place remain distinct concepts, the test actually holds four

elements. Regardless, the defendant bears the burden of establishing all prongs of the

test. *State v. Aldana Graciano*, 176 Wn.2d 531 (2013); *State v. Vike*, 125 Wn.2d 407,

410, 885 P.2d 824 (1994); *State v. Wright*, 183 Wn. App. 719, 733, 334 P.3d 22 (2014).

If any element is missing, the sentencing court must count the offenses separately when

calculating the offender score. *State v. Vike*, 125 Wn.2d at 410; *State v. Knight*, 176 Wn.

App. 936, 959, 309 P.3d 776 (2013).

Deciding whether crimes involve the same intent, time, place, and victim often

involves factual determinations. *State v. Aldana Graciano*, 176 Wn.2d at 536 (2013).

Based, in part, on the need to review and weigh facts, this reviewing court will not

disturb the sentencing court's decision unless the sentencing court abuses its discretion or

misapplies the law, the latter which by definition is an abuse of discretion. *State v.*

*Aldana Graciano*, 176 Wn.2d at 531; *State v. French*, 157 Wn.2d 593, 613, 141 P.3d 54

(2006); *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440 (1990). Remarkably, unlike other areas of the law, our deference extends beyond the sentencing court's fact finding. As reviewed later, appellate decisions announce various legal tests to apply. Our deference to the sentencing court even extends to its choice of legal tests. *State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990); *State v. Kloepper*, 179 Wn. App. 343, 317 P.3d 1088 (2014); *State v. Rodriguez*, 61 Wn. App. 812, 812 P.2d 868 (1991). In essence, we defer to the sentencing court's choice of law, and the sentencing court may choose the test that fits the result it wants.

We need to isolate those facts on which we evaluate same criminal conduct. A petitioner requesting collateral relief must demonstrate "the facts upon which the claim of unlawful restraint . . . is based and the evidence available to support the factual allegations." RAP 16.7(a)(2). The only factual assertion Kristofer Wittman advances to support his same criminal conduct argument is found in a single sentence in his personal restraint petition: "When Mr. Wittman came into possession of the vehicle[,] he was not aware of the wallet in the vehicle." Personal Restraint Petition, Argument for Personal Restraint Petition at 5.

All Washington cases hold that the sentencing court views criminal intent objectively, rather than inquiring as to the offender's subjective intent. *State v. Tili*, 139 Wn.2d 107, 123, 985 P.2d 365 (1999); *State v. Dunaway*, 109 Wn.2d 207, 215 (1987); *State v. Rodriguez*, 61 Wn. App. 812, 816 (1991). We do not read the offender's mind,

but assess whether the criminal intent, objectively viewed, changed from one crime to the next. *State v. Vike*, 125 Wn.2d 407, 411 (1994).

Washington courts use varying tests to determine if the offender's crimes involved the same criminal intent. Three tests for assessing same criminal intent defeat Kristofer Wittman's contention. Under the same scheme or plan test of same criminal intent, two crimes involve the same criminal intent if the crimes constitute part of the same scheme or plan. *State v. Williams*, 135 Wn.2d 365, 957 P.2d 216 (1998); *State v. Vike*, 125 Wn.2d 407, 411 (1994); *State v. Calvert*, 79 Wn. App. 569, 578, 903 P.2d 1003 (1995); *State v. Rodriguez*, 61 Wn. App. 812, 816 (1991). Under the same point in time test, the court considers whether an offender held separate intents to commit distinct crimes at different, discrete points in time. *State v. Porter*, 133 Wn.2d 177, 183-85, 942 P.2d 974 (1997). Under the opportunity to reflect test of same criminal intent, if the accused had an opportunity to reflect between crimes, the crimes do not possess the same intent. *State v. Mutch*, 171 Wn.2d 646, 254 P.3d 803 (2011); *State v. Munoz-Rivera*, 190 Wn. App. 870, 889, 361 P.3d 182 (2015); *In re Personal Restraint of Rangel*, 99 Wn. App. 596, 996 P.2d 620 (2000); *State v. Grantham*, 84 Wn. App. 854, 859, 932 P.2d 657 (1997).

When Kristofer Wittman stole the truck, he had no intent to steal credit access devices. We objectively know he lacked the latter intent because he did not know then that the wallet sat inside the truck. Thus, stealing the truck and the credit cards did not involve the same scheme. Once he saw the wallet, he needed to reflect again whether he

intended to keep possession of someone else's property. The intent to steal the truck occurred at a distinct time from the intent to steal the access devices.

Kristofer Wittman relies on our Supreme Court's decision in *State v. Haddock*, 141 Wn.2d 103, 3 P.3d 733 (2000) to argue he held the same criminal intent when possessing the stolen vehicle and possessing the stolen access devices. When police searched Mario Haddock's residence, they found six rifles and a computer that had been earlier taken in a single burglary of Brian Chrisman's home. A jury later convicted Haddock of six counts of possession of stolen firearms (the six rifles), one count of first degree possession of stolen property (the computer), and eight counts of first degree unlawful possession of a firearm because Haddock was a convicted felon. At sentencing, Haddock argued that all of his convictions should constitute same criminal conduct. The Supreme Court held that Haddock's six convictions for possession of stolen firearms and one conviction for possession of the stolen computer constituted the same criminal conduct because Haddock's single intent to possess stolen property motivated the conduct underlying all seven convictions.

*State v. Haddock* does not help Kristofer Wittman because Mario Haddock simultaneously possessed the intent to steal all rifles and the computer but Wittman did not possess intent to steal the credit devices until he located those devices within the stolen truck.

11

We are mindful that Kristofer Wittman carries the burden of showing same criminal intent with regard to his convictions for possessing a stolen truck and possessing stolen credit access devices. Also, he must establish, in this personal restraint petition, that he is being unlawfully restrained due to a fundamental defect which inherently results in a complete miscarriage of justice. Because many of the tests do not favor a ruling of same criminal intent and because the facts are incomplete, we conclude that Wittman fails to show a complete miscarriage of justice.

## Ineffective Assistance of Counsel

Finally, Kristofer Wittman contends his sentencing counsel performed ineffectively when failing to argue that his possession of a stolen motor vehicle constituted the same criminal conduct as possessing the stolen access devices. A petitioner alleging ineffective assistance of counsel in a collateral proceeding must meet the same standard applied to an ineffective assistance claim brought in a direct appeal. *In re Personal Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017). Thus, the petitioner must prove trial counsel's performance fell below an objective standard of reasonableness and that, without the deficient performance, the result likely would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We defer to trial counsel's performance and presume reasonable representation. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

Since we conclude that the sentencing court would likely not have considered the possession of the stolen motor vehicle to be the same criminal conduct as possession of the stolen credit cards, sentencing counsel did not perform ineffectively for failing to assert the argument. Wittman also suffered no prejudice.

CONCLUSION

We grant Kristofer Wittman's personal restraint petition in part. We reverse the sentencing court's failure to grant Wittman credit for time served in all three cause numbers. We remand for the court to amend the judgment and sentence in the last two prosecutions to permit credit for time served. We deny Kristofer Wittman's personal restraint petition in part. We do not disturb the lack of a finding that possession of the stolen truck was the same criminal conduct as possession of the stolen credit devices. We find no ineffective assistance of counsel.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                       Staab, J.

13