## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47445-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JEREMY OHNEMUS, | |
| Appellant. | |

BJORGEN, C.J. — Jeremy Ohnemus appeals his convictions and sentence for drive-by shooting and second degree assault. The second degree assault conviction was subject to a firearm enhancement.[1] Ohnemus contends that his defense counsel was ineffective in two ways: (1) for not moving in limine before trial to exclude evidence of a handgun and ammunition found in Ohnemus's home and (2) for not arguing to the sentencing court that his two convictions encompassed the same criminal conduct. We disagree and affirm his convictions and sentence.

### FACTS

Ohnemus had known Michael Helman for over 10 years. In the past, Ohnemus had done labor on Helman's residence, and he believed that Helman still owed him money for that work.

---

[1] Each conviction was also subject to a domestic violence enhancement, which has no relevance to this appeal.

On July 10, 2014, Ohnemus was "hurting for money" and called Helman early in the morning. Report of Proceedings (RP) at 69-70. Helman answered the call, stated, "I don't take calls," and hung up on him. RP at 70. Feeling disregarded, Ohnemus drove to Helman's residence.

When Ohnemus arrived, he backed his vehicle onto Helman's front yard and knocked on the door of Helman's residence. Before Helman answered, Ohnemus returned to his vehicle to retrieve his shotgun out of the trunk. About the time Helman came to the door, Ohnemus fired two shots from his shotgun into Helman's residence. At the time of this incident, Ohnemus' mother was present and living in the residence with Helman.

After arresting Ohnemus at his home, Pierce County Sheriff's Deputy Darren Moss, along with other police officers, performed a protective sweep and search of the home. Moss testified at trial that officers recovered a handgun, a box of ammunition, and a single bullet for the handgun under the couch. Defense counsel did not object to this testimony. However, once the State offered each of these items as exhibits, defense counsel objected. The trial court admitted the individual bullet, but after a hearing outside the presence of the jury, it ruled that the handgun and box of ammunition were irrelevant and excluded that evidence. At trial, Ohnemus testified in his own defense that he was shooting at the house to damage property, not to harm anyone.

At the end of trial, the jury returned verdicts finding Ohnemus guilty of drive-by shooting and second degree assault—each with a domestic violence enhancement and with a firearm enhancement on the second degree assault conviction. At sentencing, the State proposed a calculation of Ohnemus' offender score, counting each current conviction as a prior offense. Ohnemus' counsel did not attempt to argue that the two convictions constituted the same criminal conduct and thus could not be counted as prior convictions for calculating his offender

score. RCW 9.94A.589(1)(a). Rather, defense counsel stipulated as to the form of the State's calculation, but made clear that he wanted to preserve for appeal a challenge to the calculation of the offender score. The sentencing court adopted the State's calculation of the offender score, and Ohnemus was sentenced to the high range on each conviction. He appeals.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

1.    Legal Principles

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014). If a defendant fails to establish either prong, we need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

We begin with a strong presumption that counsel's representation was effective. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004). However, the defendant can "'rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)). Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Grier*, 171 Wn.2d at 34.

2.    Failure to Exclude Irrelevant Evidence Before Trial

Ohnemus argues that his trial counsel was ineffective for not moving in limine before trial to exclude any evidence of the handgun and ammunition found in his home. Assuming without deciding that defense counsel acted deficiently, we hold that Ohnemus fails to meet his burden in showing prejudice.

Ohnemus contends that once the jury knew he had access to multiple guns by way of Moss' testimony, they were more likely to infer that he was intending to harm Helman, rather than merely trying to damage his property. To support this proposition, he cites *State v. Rupe*, 101 Wn.2d 664, 703-04, 707-08, 683 P.2d 571 (1984), where the court held that the defendant was prejudiced when the State introduced the defendant's gun collection, had experts testify that the guns were not suitable for hunting or sport, and argued in opening statement and closing argument that the defendant was a dangerous person because of the guns.

In contrast to *Rupe*, however, the State here was not able to make the handgun and ammunition evidence a central point to their case because defense counsel successfully objected to admission of the exhibits. Furthermore, defense counsel mitigated possible harm stemming from Moss' testimony by eliciting on Ohnemus' direct examination that the handgun was not functional. Because of defense counsel's actions, Moss' short testimony on the handgun and ammunition was not reasonably likely to affect the outcome of trial.[2]

---

[2] Ohnemus also relies on *State v. Freeburg*, 105 Wn. App. 492, 500-01, 20 P.3d 984 (2001), which held that the admission of evidence that the defendant possessed a firearm at the time of his arrest was prejudicial error. The circumstances in *Freeburg*, however, differ in significant respects from those here, specifically in that Freeburg's arrest occurred more than two years after the shooting for which he was charged and no evidence was recovered at the time of arrest to link Freeburg to the death from that shooting. *Id.* at 500.

For these reasons, Ohnemus has not shown that he was prejudiced by Moss' testimony. Consequently, his claim of ineffective assistance fails.

3.     Failure to Argue Convictions Constitute Same Criminal Conduct at Sentencing

Ohnemus next contends that his trial counsel was ineffective for not arguing at sentencing that his drive-by shooting and second degree assault convictions encompassed the same criminal conduct. We disagree.

In calculating an offender score, a sentencing court may count current convictions as if they were prior convictions, unless "some or all of the current offenses encompass the same criminal conduct." RCW 9.94A.589(1)(a).[3] In that event, "those current offenses shall be counted as one crime." *Id*. "Same criminal conduct . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id.* (internal quotation marks omitted). If any of the elements are not present, the offenses must be counted separately. *State v. Chenoweth*, 185 Wn.2d 218, 220, ___ P.3d ___ (2016).

The parties do not dispute that Ohnemus' second degree assault and drive-by shooting offenses were committed at the same time and place. Although the parties do dispute whether each offense targeted the same victim, we do not reach that issue. Instead, we hold that a straightforward analysis of the statutory criminal intent for the two offenses identifies two separate and distinct mens rea elements.

In determining whether two criminal offenses require the same criminal intent, we "first look to the underlying statutes to determine whether the intents of each statute, if any, are the same or different for each count." *State v. Polk*, 187 Wn. App. 380, 396, 348 P.3d 1255 (2015).

---

[3] RCW 9.94A.589 was amended in 2015. This amendment does not affect the issues in this case.

If the mens rea elements are different, then our inquiry ends, and the current convictions can be counted as prior offenses for calculating the defendant's offender score. *Id.*; RCW 9.94A.589(1)(a); *see Chenoweth*, 185 Wn.2d at 221, 223.

Here, Ohnemus' two criminal offenses require different mens rea elements. Drive-by shooting requires recklessness. RCW 9A.36.045(1). Second degree assault with a deadly weapon, as charged in Ohnemus' case, requires the "specific intent either to create apprehension of bodily harm or to cause bodily harm." *State v. Byrd*, 125 Wn.2d 707, 712-13, 887 P.2d 396 (1995); RCW 9A.36.021(1)(c). Since recklessness and a specific intent to create apprehension of bodily harm or to cause bodily harm are separate and distinct mental states, we hold that drive-by shooting and second degree assault with a deadly weapon are not the same criminal conduct.

Ohnemus argues, however, that these crimes involved the same criminal intent because the jury was instructed, and the prosecutor contended in closing argument, that intentional conduct as related to the assault necessarily established the recklessness element as to the drive-by shooting. These contentions fail, however, because the statutory inquiry is dispositive. Only if the two offenses have the same required statutory intent do we reach the second step of evaluating whether the specific facts indicate "whether a particular defendant's intent was the same or different with respect to each count." *Polk*, 187 Wn. App. at 396.

Because drive-by shooting and second degree assault do not constitute the "same criminal conduct," Ohnemus' defense counsel was not deficient to forego raising this argument at sentencing. Accordingly, we hold that this claim fails.

CONCLUSION

We hold that Ohnemus' claims of ineffective assistance of counsel fail. We therefore affirm his convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

BJORGEN, C.J.

We concur:

WORSWICK, J.

LEE, J.