## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| STATE OF WASHINGTON, | No.  48541-9-II |
|---|---|
| Respondent, | |
| v. | |
| JOSEPH JOHN BAZA, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J.  —  Joseph J. Baza appeals his sentences for second degree assault, felony harassment, and felony violation of a no-contact order (VNCO).  Baza argues that the sentencing court erroneously found that his crimes did not constitute the same criminal conduct under former RCW 9.94A.589(1)(a) (2002) and improperly applied double jeopardy analysis.  Because the sentencing court properly found that Baza's crimes were not the same criminal conduct, we affirm Baza's sentences.

### FACTS

#### I.  BACKGROUND FACTS[1]

In July 2015, a witness called 911 after overhearing a man inside a hotel room threaten to kill someone.  Police reported to the hotel, spoke to the witness, and walked upstairs to the hotel room.  They heard struggling and muffled screaming from the room and kicked in the door.  Inside,

---

[1] These facts are taken from the police report.  In his guilty plea, Baza agreed that the sentencing court could review the police report to establish a factual basis for his plea.

the police saw the victim lying on the floor, bleeding profusely from her mouth, with Baza standing over her.

Police arrested Baza, against whom the victim had a no-contact order. The victim said that earlier in the evening, she and Baza had met at the victim's hotel room, and the two had visited Baza's house and two bars. Baza became violent when they returned to the hotel room. Baza repeatedly hit the victim's face and kicked her stomach, side, and back. The victim stated that Baza was trying to kill her inside the hotel room. While Baza strangled the victim, he said, "'You will die.'" Clerk's Papers (CP) at 8. Police believed that the victim had lost consciousness around the time that they entered the room.

## II. GUILTY PLEA AND SENTENCING

Baza entered an *Alford*[2] plea for second degree assault, felony VNCO, and felony harassment.[3] The State asserted that these crimes did not encompass the same criminal conduct, although it relied upon *State v. Mandanas*'s double jeopardy analysis. CP at 29-30 (citing 163 Wn. App. 712, 262 P.3d 522 (2011)).

At the November 2015 sentencing hearing, the State argued that each crime that Baza had committed required a distinct criminal intent. Baza argued that his crimes involved the same criminal intent, so that they were the same criminal conduct. The sentencing court said that *Mandanas* was "informative as to the issues" in Baza's case and discussed the double jeopardy holding. Report of Proceedings (RP) at 19. But the sentencing court ruled, "And for the reasons

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] Each conviction was also subject to a domestic violence enhancement, which is not relevant to this appeal.

set forth by the prosecution, I'm not able to find that the individual counts represent same criminal conduct; therefore, they're not going to be treated as the same criminal conduct." RP at 21. The sentencing court also explained that it "underst[ood]" that Baza was arguing same criminal conduct, not merger. RP at 24. The sentencing court stated, "I guess what I'm saying is, having applied what's indicated in *Mandanas* with the facts in *Mandanas* and comparing those facts to the facts in this case, I see that as being distinguishing."[4] RP at 24. The sentencing court declined to find that any of the offenses constituted the same criminal conduct.

## ANALYSIS

### I. NOT THE SAME CRIMINAL CONDUCT

Baza claims that under an objective intent analysis, the same criminal intent underlies each crime and thus the sentencing court erred when it found that the crimes were not the same criminal conduct.[5] In response, the State relies upon *State v. Chenoweth*'s[6] statutory intent analysis and asserts that Baza's crimes each involved distinct criminal intents. We agree with the State.

### A. LEGAL PRINCIPLES

Absent an abuse of discretion or misapplication of the law, we do not disturb the sentencing court's determination of same criminal conduct. *Chenoweth*, 185 Wn.2d at 220-21. Under this

---

[4] In particular, the sentencing court referenced the portion of *Mandanas* in which the appellate court noted that its original, preremand *Mandanas* opinion had addressed whether the offenses constituted the same criminal conduct. RP at 23 (citing *Mandanas*, 163 Wn. App. at 715)).

[5] Baza requests that in light of this alleged error, we remand for the sentencing court to assess "concurrent rather than consecutive" sentences. Br. of Appellant at 1. Baza overlooks that the sentencing court did order concurrent sentences. The appropriate remedy, if we found error, would be to remand for Baza's sentences to be recalculated pursuant to a lower offender score.

[6] 185 Wn.2d 218, 370 P.3d 6 (2016).

standard, if the record supports only one conclusion regarding whether crimes constitute the same criminal conduct, the sentencing court abuses its discretion in arriving at a contrary result. *State v. Graciano*, 176 Wn.2d 531, 537-38, 295 P.3d 219 (2013). But if the record adequately supports either conclusion, the matter is within the sentencing court's discretion. *Graciano*, 176 Wn.2d at 538.

A "same criminal conduct" determination affects the standard range sentence by altering the offender score. *See* former RCW 9.94A.589(1)(a). If a person is convicted of multiple current offenses, generally the sentencing court calculates all other current and prior convictions as prior convictions for the purpose of the offender score. Former RCW 9.94A.589(1)(a). But if the sentencing court finds that some current offenses are the "same criminal conduct," those current offenses are counted as one crime. Former RCW 9.94A.589(1)(a). "'Same criminal conduct'" means "crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." Former RCW 9.94A.589(1)(a).

We first look to the underlying statutes to determine whether the intents of each statute, if any, are the same or different for each crime. *Chenoweth*, 185 Wn.2d at 223. If the intents differ, the current convictions are not the same criminal conduct. *Chenoweth*, 185 Wn.2d at 223; former RCW 9.94A.589(1)(a).

The burden is on the defendant to show that crimes constitute the same criminal conduct. *Graciano*, 176 Wn.2d at 538. We construe former RCW 9.94A.589(1) narrowly to disallow most claims that multiple offenses constitute the same criminal act. *Graciano*, 176 Wn.2d at 540 (quoting *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997)).

## B.  STATUTORY INTENT

Baza argues that we should disregard *Chenoweth*'s focus on statutory intent and apply the objective intent analysis used in earlier cases.[7]  Baza argues that *Chenoweth* involved uniquely distinct and heinous crimes (incest and child rape).  But *Chenoweth* does not confine its holding to incest and child rape, and Baza's alleged distinction is not a basis to disregard Supreme Court precedent.[8]  We agree with the State that *Chenoweth*'s analysis applies here.

Under *Chenoweth*, the State argues that each crime involved a distinct statutory intent so that Baza did not have the same criminal intent and the crimes do not encompass the same criminal conduct.  We agree.

1.  APPLICABLE LAW

Following *Chenoweth*, we first look to whether the statutory intent is the same or different for each count.  185 Wn.2d at 223.  Under RCW 26.50.110(1)(a), it is a violation of a court order if "the respondent or person to be restrained knows of the order" and violates a provision.

"A person is guilty of harassment if" "[w]ithout lawful authority, the person knowingly threatens" immediate or future bodily injury to another.  RCW 9A.46.020(1)(a).

"A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree" "[a]ssaults another by strangulation or suffocation."  RCW

---

[7] The sentencing court here did not have the benefit of *Chenoweth*, which was decided four months after Baza's sentencing hearing.

[8] Baza argues also that it would be "absurd" to apply *Chenoweth*'s analysis rather than the objective intent analysis because to do so would effectively mean that only defendants who have multiple counts of the same crime could successfully argue same criminal intent.  Reply Br. of Appellant at 1.  This argument is not a proper basis for this court to ignore the Supreme Court's opinion in *Chenoweth*.  Because this court must follow *Chenoweth*'s statutory intent analysis, we address Baza's objective intent analysis argument no further.

9A.36.021(1)(g). Under this statute, a "person is guilty of the crime of assault in the second degree by strangulation where that person intentionally '[a]ssaults another by strangulation.'" *State v. Reed*, 168 Wn. App. 553, 574, 278 P.3d 203 (2012) (quoting RCW 9A.36.021(1)(g)).

2.    FELONY VNCO COMPARED TO FELONY HARASSMENT AND SECOND DEGREE ASSAULT

We first compare the statutory intents for felony VNCO and felony harassment. The felony VNCO statute requires that Baza "know[] of the order" and violate the order. RCW 26.50.110(1)(a). In contrast, harassment requires that a person "knowingly threaten" another. RCW 9A.46.020(1)(a). Knowingly violating an order is distinct from knowingly threatening someone. Thus, committing a felony VNCO is not the same criminal conduct as committing a felony harassment.

Next, we determine whether a felony VNCO involves the same statutory intent as a second degree assault. To knowingly violate an order is distinct from intentionally assaulting someone, so that committing a felony VNCO is not the same criminal conduct as committing a second degree assault. RCW 26.50.110(1)(a); *Reed*, 168 Wn. App. at 574 (quoting RCW 9A.36.021(1)(g)).

We hold that Baza's felony VNCO conviction involves a statutory intent distinct from the intents required for his felony harassment and second degree assault convictions. We affirm the sentencing court's conclusion that the felony VNCO conviction was not the same criminal conduct and hold that the court properly counted the felony VNCO as a separate offense when it calculated Baza's offender score.

3.    FELONY HARASSMENT AND SECOND DEGREE ASSAULT

We now turn to whether felony harassment and second degree assault involve distinct intents. Harassment required that Baza "knowingly threaten" his victim. RCW 9A.46.020(1)(a).

6

As pleaded to in this case, second degree assault requires that a person intentionally assault another. *Reed*, 168 Wn. App. at 574 (quoting RCW 9A.36.021(1)(g)); *see* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.19.01, at 511 (4th ed. 2016). To knowingly threaten someone is a distinct intent from intentionally assaulting someone, so that these crimes do not involve the same criminal intent.

Because we hold that felony harassment and second degree assault involve distinct criminal intents, we affirm the sentencing court's finding that the felony harassment and second degree assault were not the same criminal conduct. Accordingly, we hold that the sentencing court properly counted these crimes separately when it calculated Baza's offender score.

## II. NOT IMPROPER DOUBLE JEOPARDY ANALYSIS

Next, Baza argues that even if we reject his argument that his crimes were the same criminal conduct, we should remand because the sentencing court "exclusively" applied a double jeopardy analysis, rather than a same criminal conduct analysis. Br. of Appellant at 11. We decline to remand.

Here, the record contradicts Baza's assertion that the sentencing court exclusively considered double jeopardy analysis. Although the State relied upon double jeopardy analysis, including *Mandanas*, in its sentencing brief, the State argued that Baza's crimes involved distinct criminal intents at the sentencing hearing. The sentencing court ruled, "And for the reasons set forth by the prosecution, I'm not able to find that the individual counts represent same criminal conduct; therefore, they're not going to be treated as the same criminal conduct." RP at 21. The sentencing court "underst[ood]" that Baza was arguing same criminal conduct, not merger. RP at 24. After noting that the original *Mandanas* opinion analyzed same criminal conduct, the

7

No. 48541-9-II

sentencing court stated, "I guess what I'm saying is, having applied what's indicated in *Mandanas* with the facts in *Mandanas* and *comparing those facts to the facts in this case, I see that as being distinguishing.*" RP at 24 (emphasis added).

From these facts, it is clear that the sentencing court did not exclusively consider double jeopardy analysis. Thus, we decline to remand for a new sentencing hearing.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

SUTTON, J.

8