# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

             Respondent,

     v.

MITCHELL LADD MCKAY,

             Appellant.

No. 79774-3-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — McKay appeals the trial court's determination of his offender score. He contends the trial court abused its discretion in finding his previous convictions for rape of a child and child molestation were not same criminal conduct. We affirm.

## FACTS

On February 25, 2019, Mitchell McKay pleaded guilty of attempted failure to register as a sex offender. McKay and the State disputed McKay's proper offender score. Specifically, the parties disagreed over whether McKay's previous convictions for rape of a child and child molestation were the same criminal conduct.

McKay committed both crimes on the night and early morning hours of June 21-22, 1990. At that time, McKay's nine year old niece was watching television on a couch. McKay entered the room and sat on the floor in front of the couch. He reached his hand underneath the blanket covering the victim and touched her

vaginal area.  He inserted two fingers into her vagina.  The victim felt pain.[1]  McKay withdrew his fingers.  McKay then licked the victim's chest and vagina.  The record is unclear as to whether McKay attempted to penetrate the victim with his tongue. The statement of probable cause from the King County Sheriff's Office indicates that he did.  The defendant's statement on his guilty plea indicates only that he had sexual contact "by way of licking."  The record is also unclear as to how much time passed between the two acts.  The victim subsequently disclosed the incident to her mother.  The State charged McKay with rape of a child in the first degree and child molestation in the first degree.  He pleaded guilty to both counts.  The trial court did not make a finding that the two crimes constituted same criminal conduct when sentencing the two crimes.

At sentencing for his current offense, McKay argued that the two previous offenses constituted same criminal conduct.  The State disagreed, arguing primarily that McKay's objective criminal intent was different for each offense.  The trial court agreed.  It ruled in part, "Here the act of penetration and the act of contact involve different physiological means.  The element of molestation includes gratification with non-penetration, and that becomes the difference."  It found that the crimes did not constitute the same criminal conduct, and calculated McKay's offender score as "10."

McKay appeals.

---

[1] The record is unclear how or whether the victim communicated this pain to McKay.

DISCUSSION

McKay argues the trial court erred in finding that his convictions for rape of a child and child molestation did not constitute the same criminal conduct. A sentencing court determines the standard sentencing range using all other current and prior convictions to determine the offender score. RCW 9.9A.589(1). In determining the offender score, prior convictions are presumptively scored separately. RCW 9.94A.525(5)(a). An exception applies if the prior convictions encompass the same criminal conduct. RCW 9.94A.525(5)(a)(i).

Convictions encompass the same criminal conduct if they involve the same victim, occur at the same time and place, and with the same criminal intent. RCW 9.94A.589(1)(a). Intent is not the particular mens rea for the crime, but rather the defendant's objective criminal purpose in committing the crime. State v. Rattana Keo Phuong, 174 Wn. App. 494, 546, 299 P.3d 37 (2013). The relevant inquiry is whether the objective criminal intent changed from one crime to the next. State v. Tili, 139 Wn.2d 107, 123, 985 P.2d 365 (1999). We also consider whether one crime furthered another. State v. Grantham, 84 Wn. App. 854, 858, 932 P.2d 657 (1997).

The defendant bears the burden of establishing that prior crimes encompass the same criminal conduct. State v. Aldana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). A sentencing court's determination will not be disturbed unless the sentencing court abuses its discretion or misapplies the law. Id. at 536. Where the record supports only one conclusion on whether two crimes constitute same criminal conduct, the trial court abuses its discretion in arriving at a contrary

3

result. Id. at 537-38. But, where the record adequately supports either conclusion, the matter lies within the court's discretion. Id. at 538.

McKay committed two distinct acts. The first was digital penetration and the second licking the victim's chest and vaginal area. These acts occurred sequentially. The record indicates that after the digital penetration, the victim "felt pain." McKay then removed his fingers, and, after some unknown period of time, proceeded to his second act, licking the victim's chest and vaginal area.

McKay argues that the objective criminal intent for each act was the same: sexual gratification. The trial court concluded the objective intent was different. The first involved sexual gratification through penetration. The second involved sexual gratification through contact without penetration.[2]

In Grantham, the court found that a defendant's objective criminal intent changed from one sex act to another with the same victim, even though those acts occurred "relatively close in time." 84 Wn. App. at 858. The court found that Grantham had time between the acts to "pause, reflect, and either cease his criminal activity or proceed to commit a further criminal act." Id. at 859. Here, McKay engaged in one sex act and after an unknown period of time engaged in a second. McKay has the burden to show it was the same criminal conduct. The record made below does not establish that time did not pass between the acts, that he did not have time to pause and reflect, and therefore that his intent did not

---

[2] The record is unclear as to whether McKay also tried to penetrate the victim with his tongue. The statement of probable cause indicates that he did. The defendant's statement indicates only that he had sexual conduct, "by way of licking."

change. McKay had reason to change his objective criminal intent from one act to another, because his first act apparently caused the victim to feel "pain." McKay has not met his burden to show that Grantham should not apply.

In State v. Chenoweth, our Supreme Court recognized that two convictions for the exact same single act could nevertheless involve different criminal intent. 185 Wn.2d 218, 221-23, 370 P.3d 6 (2016). There, a defendant was convicted of rape of a child and incest based on the same act. Id. at 219. The court found the intent was different, because "the intent to have sex with someone related to you differs from the intent to have sex with a child." Id. at 223.

McKay relies primarily on Tili and State v. Walden, 69 Wn. App. 183, 847 P.2d 956 (1993). In Tili, our Supreme Court found that three rape convictions resulting from three separate penetrations occurring over a two minute timeframe constituted same criminal conduct. 39 Wn.2d at 119, 124. The court was persuaded that the short duration of the incident made it highly unlikely that the defendant's criminal intent changed from one act to the next. Id. at 124. In Walden, this court found that convictions for second degree rape and attempted second degree rape were the same criminal conduct. 69 Wn. App. at 184, 188. The court found that the objective intent remained constant—sexual intercourse— and that each act furthered that single criminal purpose. 69 Wn. App. at 188.

This case is distinguishable from Tili and Walden. First, the record does not establish that the acts here happened in quick succession, only that they occurred in the same night. Second, the record here supports the conclusion that McKay's intent changed from having intercourse with his victim to having sexual contact

with her.  The record also provides a potential reason for his changed intent—that the first act caused his victim to feel pain.  Thus, nothing suggests that one crime furthered another.

McKay has the burden of proving the two crimes were the same criminal conduct.  Graciano, 176 Wn.2d at 539.  At best, he has shown only that the court could have come to a different conclusion.  But, where the record adequately supports either conclusion, the matter lies within the court's discretion.  Id. at 538.  Such is the case here.

We affirm.

_Appelwick, J._

WE CONCUR

_____          _____
Dwyer, J.                        Leach, J.